### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>          Plaintiff,           )<br>                              )<br>v.                            )<br>                              )<br>MATTHEW GORDON KELLEY,        )<br>                              )<br>          Defendant.          ) | Case No. CR-19-328-SLP |

### **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 73]. The Government has Responded to the Motion [Doc. No. 74] and opposes the requested relief.

Defendant was charged in a one-count Indictment with possession of one kilogram or more of heroin with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Defendant to 50 months' imprisonment and three years of supervised release. *See* Doc. No. 69. On June 23, 2023 Defendant's term of supervised release commenced and it is currently set to expire on June 22, 2026.

In support of his request, Defendant states that the Bureau of Prisons released him early to a halfway house and after his successful time there, he went to a sober living house. He has abstained from drug use and has actively participated in AA meetings and other classes. Defendant also describes his success with gainful employment. His employment is the primary reason for which he seeks early termination of his supervised release. He states that the requirement that he drug test every day hinders his ability to progress in his

job because it limits his ability to travel to job sites outside the Western District of Oklahoma to include those located in Texas and Kansas. He includes a letter from his employer addressing the fact that his work is currently limited to a reduced geographical area and that his employer would like him to be able to cover projects in the other locations for extended periods of time. See Doc. No. 73-1.

In response, the Government notes Defendant's positive conduct during the period of his supervised release, recognizes that this is a "close question," but ultimately opposes early termination. Resp. at 3. The Government points to the fact that Defendant received the minimum term of supervised release and that "there has simply been insufficient time served on that term of supervised release." *Id*. The Government stresses that supervised release "provides guardrails, structure and accountability that often serves a valuable purpose in ensuring *continued* compliance" and that "it is simply too early to terminate supervised release in this case." *Id*. at 4 (emphasis in original).

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the Government's Response and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. Moreover, as the Government states, any complications related to the conditions of Defendant's release and his employment are

2

matters that can be addressed through his supervising probation officer. The Court certainly commends Defendant for the progress he has made during his period of supervision. And the Court encourages Defendant to successfully complete the remainder of his term. But the Court finds early termination of Defendant's supervised release is not warranted at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 73] is DENIED.

IT IS SO ORDERED this 14th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE